IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy E. Newman, #392951,<br><br>    Plaintiff,<br><br>v.<br><br>Agent Kimberly Clamp;<br>Director Mark Keel;<br>Warden Terrie Wallace; and<br>Agent Nikesha Jacobs,<br><br>    Defendants. | Civil Action No. 2:24-cv-1279-BHH<br><br>**<u>ORDER</u>** |

  This matter is before the Court upon Plaintiff Timothy E. Newman's pro se ("Plaintiff") amended complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 22.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

  On October 3, 2024, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss Plaintiff's complaint without further leave to amend. (ECF No. 24.) In her Report, the Magistrate Judge explained that she previously gave Plaintiff the opportunity to file an amended complaint to cure the deficiencies she identified. (*See* ECF No. 20.) Although Plaintiff filed an amended complaint in response to the Magistrate Judge's warning, after reviewing Plaintiff's amended complaint, the Magistrate Judge again found that Plaintiff's conclusory allegations failed to plausibly plead an actionable constitutional violation under § 1983. According to the Magistrate Judge, the amended complaint offers only an ambiguous contention that Plaintiff was not granted the assistance of counsel, and "the

Amended Complaint is completely devoid of any factual background regarding the nature of the legal proceedings during which" Defendants Keel and Clamp allegedly refused to allow Plaintiff to confront witnesses.  (ECF No. 24 at 6.)  The Magistrate Judge further explained that the only claim presented with any factual detail is Plaintiff's claim that Defendant Wallace deprived Plaintiff of his constitutional rights based on an alleged lack of medical care.  (*Id.*)  However, the Magistrate Judge still determined that Plaintiff's allegations failed to satisfy the pleading standard.  (*Id.* at 7.)  Accordingly, the Magistrate Judge recommended that the Court summarily dismiss this action without further leave to amend.  (*Id.* at 8.)

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.  On October 21, 2024, Plaintiff filed objections to the Report.  (ECF No. 26.)

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the

2

recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

In his objections, Plaintiff first states that he "<u>clearly</u> and <u>specifically</u> stated claims in the amended complaint," and he repeats his assertion that Defendant Keel violated his First Amendment rights by suppressing his speech and denying redress of grievances. (ECF No. 26 at 1.)  Next, Plaintiff objects that Defendant Clamp violated his First, Fifth, Sixth, and Eighth Amendment rights by suppression of speech, unlawful arrest, and denying him confrontation of witnesses.  (*Id.* at 1-2.)  He also asserts that Defendant Jacobs denied him due process and his Fifth Amendment right to confront witnesses, and that Defendant Wallace violated his Eighth Amendment rights by denying him basic needs such as safety, security, and medical care.  (*Id.* at 2.)

After a careful review of Plaintiff's objections, the Court finds them unavailing. Stated plainly, Plaintiff's objections suffer from the same flaws identified by the Magistrate Judge, and the Court still cannot ascertain an actionable constitutional violation under § 1983 from Plaintiff's conclusory allegations.  In other words, Plaintiff's vague and conclusory allegations offer nothing more than an "unadorned, the-defendant-unlawfully-harmed-me accusation," and Plaintiff offers no context or factual detail to describe the circumstances surrounding Defendants' alleged actions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  As the Fourth Circuit stated in *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), although the Court must construe Plaintiff's pro se pleadings liberally, "[d]istrict judges are not mind readers," and "cannot be expected to construct full blown claims from sentence fragments."  Here, because Plaintiff's amended complaint and his objections state only naked assertions devoid of any factual development, the Court agrees with the Magistrate Judge that Plaintiff's complaint fails to state a plausible claim against

Defendants under § 1983.

**Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 24); the Court overrules Plaintiff's objections (ECF No. 26), and the Court summarily dismisses this action without service and without further leave to amend.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 13, 2025
Charleston, South Carolina